OPINION
PER CURIAM.
Petitioner Santos Tomas Calva, a native and citizen of Ecuador, is removable under Immigration and Nationality Act (“INA”) § 212(a)(6)(A)®, 8 U.S.C. § 1182(a)(6)(A)®, as an alien present in the United States without being admitted or paroled. Calva entered the United States in 1992, married a native and citizen of Brazil, and the couple have two United States citizen children. The Department of Homeland Security initiated removal proceedings against him with the filing of a Notice To Appear on December 13, 2004. Calva applied for cancellation of removal under INA § 240A(b)(l), 8 U.S.C. § 1229b(b)(l), for certain non-permanent residents, and voluntary departure, contending that his removal would cause an exceptional and extremely unusual hardship to his U.S. citizen daughters. Most recently, Calva has worked as a commercial fisherman in New Jersey, earning $96,000 annually. He feared that his daughters would not be able to adjust to a much lower standard of living. He could not continue his work as a fisherman in Ecuador because he has never worked on a ship there. In addition, his wife does not have legal status in Ecuador, and he does not have legal status in Brazil. Neither of his daughters have ever left the United States.
After taking testimony, the Immigration Judge ruled that Calva met the physical presence, no specified criminal offense, and good moral character requirements of the statute.[1] The IJ concluded, however, that Calva could not meet the exceptional and extremely unusual hardship requirement. Calva acknowledged that, under the law of Ecuador, his wife would be permitted to come with him, and, under the law of Brazil, he also could obtain lawful status. Moreover, he has siblings who live in Ecuador, and his father also lives there. The family works in agriculture. Also, it appeared there would be no separation if Calva is removed, because his wife and daughters would go with him. The IJ considered the 2004 State Department Country Report for Ecuador and noted that Ecuador plainly does not offer the same economic opportunities as the U.S., but under Board precedent, the prospect of a lower standard of living is not extremely unusual and does not warrant relief. The IJ granted the application for voluntary departure.
Calva appealed to the Board of Immigration Appeals, contending that he is the sole breadwinner for his family, his income is substantial, and the IJ did not fully consider Ecuador’s human rights record. *246 On July 9, 2008, the Board dismissed the appeal and extended the voluntary departure period for an additional 60 days. The Board concluded that the IJ correctly applied its precedent in finding no exceptional and extremely unusual hardship to Cal-va’s qualifying relatives. In distinguishing its decision in Matter of Recinas, 23 I. & N. Dec. 467, 470 (BIA 2002) (en banc), the Board noted that Calva has only two children, he has a wife who assists him physically and emotionally in raising the children, and he has relatives in Ecuador. Furthermore, the IJ did not overlook conditions in Ecuador.
Calva timely petitioned for review, and moved for an order in this Court staying the period of voluntary departure, which we granted. In his brief, Calva challenges only the determination that he failed to demonstrate that his removal would result in exceptional and extremely unusual hardship to his United States citizen children. See Petitioner’s Brief, at 5-12. He contends: “Because of the disparity in earning potential for Petitioner’s industry of commercial fishing, his wife’s lack of legal status in the United States, and the emotional hardship to his daughters,” he has met his burden of proof. Id. at 10. Calva specifically contends that his case is controlled by Matter of Recinas, 23 I. & N. Dec. 467, in that he is the sole income earner in his house. Id. at 9-10.
We will dismiss the petition for review for lack of subject matter jurisdiction. We have jurisdiction generally to review final orders of removal pursuant to INA § 242(a), 8 U.S.C. § 1252(a), but section 242(a)(2)(B)© of the jurisdictional statute, 8 U.S.C. § 1252(a)(2)(B)©, divests us of jurisdiction over the Board’s discretionary decisions regarding cancellation of removal under 8 U.S.C. § 1229b. See Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir.2003). To succeed on an application for cancellation of removal an alien must establish, among other things, that removal would result in “exceptional and extremely unusual hardship” to a qualifying relative. We held in Mendez-Moran-chel that this determination is a “quintessential discretionary judgment.” Id.
Thus, if the Board denied Calva’s application for cancellation of removal based solely on a discretionary determination that he failed to establish that his removal would result in “exceptional and extremely unusual hardship” to his U.S. citizen children, see 8 U.S.C. § 1229b(b)(1)(D), we would lack jurisdiction. See Pinho v. Gonzales, 432 F.3d 193, 203-04 (3d Cir.2005) (distinguishing between eligibility determinations, which may involve questions of law, and discretionary denials of relief). Notwithstanding that the statute precludes judicial review of discretionary decisions, we retain jurisdiction over constitutional claims and questions of law raised in the context of a petition for review. See INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). This jurisdictional grant is “narrowly circumscribed.” Jarbough v. Att’y Gen. of U.S., 483 F.3d 184, 188 (3d Cir.2007).
We conclude that the Board’s decision in Calva’s case rests solely on an unreviewable discretionary determination. The IJ, citing Matter of Monreal-Aguinaga, 23 I. & N. Dec. 56 (BIA 2001), noted that, to demonstrate the requisite hardship, an alien must show that his “qualifying relatives will suffer hardship that is substantially beyond that which would ordinarily be expected to result from the alien’s removal,” but that Calva need not establish that the hardship is unconscionable. The IJ then summarized the Board’s prece-dential decisions regarding what constitutes exceptional and extremely unusual hardship. The Board also addressed its precedent, citing Matter of Andazola-Rivas, 23 I. & N. Dec. 319 (BIA 2002), as *247 well as Matter of Monrealr-Aguinaga and Matter of Reciñas.
The Board did not engage in an arbitrary application of its precedent. See Mendez-Castro v. Mukasey, 552 F.3d 975, 979-80 (9th Cir.2009) (whether agency failed to apply controlling standard governing discretionary determination is question over which court of appeals has jurisdiction). Nothing in the Board’s or the IJ’s decisions indicate that precedent was misapplied here. The Board pointed out that Calva’s case was distinguishable from Matter of Reciñas, where the alien demonstrated the requisite hardship to her United States citizen children, because Calva only has two children, and he has a wife who assists him in raising his children, leaving him free to work. He also has close relatives in Ecuador. In Matter of Reciñas, a single mother of six children with no spouse or close relatives to rely upon in her native country of Mexico was awarded cancellation of removal. The Board’s effort to distinguish Calva’s case from Matter of Reciñas on the basis of spousal support, close family support, and number of children is not “without rational justification or based on a legally erroneous standard.” Mendez v. Holder, 566 F.3d 316, 322 (2d Cir.2009) (quoting Barco-Sandoval v. Gonzales, 516 F.3d 35, 39 (2d Cir.2008)).
Furthermore, this is not a case in which the evidence, including evidence that economic opportunities in Ecuador do not match those found in the United States, has been seriously mischaracterized. Mendez, 566 F.3d at 323 (“although the IJ concluded that Petitioner’s son, who suffers from Grade II Vesicoureteral Reflux — a condition that may lead to kidney or liver failure — was “cured or ... certainly in remission,” the IJ did not address the fact that the son’s yearly examinations are highly specialized and that Petitioner’s area of Mexico ... has few doctors — let alone kidney specialists — and that Petitioner testified that he will not be able to travel to see specialized doctors or to pay for treatment”). In his brief, Calva merely reiterated his hardship argument, but an argument that certain evidence has been discounted, rather than mischaracter-ized, does not raise a legal question or constitutional claim over which we have jurisdiction. See Cospito v. Att’y Gen. of the U.S., 539 F.3d 166, 170 (3d Cir.2008) (concluding that such claims “amount to nothing more than ‘quarrels over the exercise of discretion and the correctness of the factual findings reached by the agency.’”). Stripped to its essentials, Calva’s challenge to the disposition of his cancellation of removal claim is based on a disagreement with the balancing and weighing of the evidence presented. The review he has asked us to engage in is foreclosed by statute.
For the foregoing reasons, we will dismiss the petition for review for lack of subject matter jurisdiction.

. Cancellation of removal under INA § 240A(b)(l) is available to an alien who has been physically present in the United States for at least 10 years, has been a person of good moral character, has not been convicted of a specified criminal offense, and has estab-fished that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)( 1 )(A) — (D).